1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                              * * *
                                               )
9    MARYLAND CASUALTY COMPANY, et             )
     al.,                                      )
10                                             )        2:08-CV-01040-LRH-LRL
                         Plaintiffs,           )
11                                             )
      v.                                       )        ORDER
12                                             )
     TRANSPORTATION INSURANCE                  )
13   COMPANY, et al.,                          )
                                               )
14                       Defendants.           )
     _____     )

15

16          Presently before the court is Plaintiffs Maryland Casualty Company and Assurance

17   Company of America's (collectively "Plaintiffs") Motion to Remand (#10[1]).  Defendants

18   Transportation Insurance Company, Valley Forge Insurance Company, Continental Insurance

19   Company and Transcontinental Insurance Company (collectively "Defendants") have filed an

20   opposition (#13) to which Plaintiffs replied (#15).

21   **I.     Facts and Procedural History**

22          This is an insurance dispute arising out of a construction defects matter previously litigated

23   in the State of Nevada District Court.  Plaintiffs and Defendants are issuers of insurance policies.

24   Plaintiffs issued commercial general liability insurance to the developer and the general contractor

25

26   _____
            [1] Refers to the court's docket entry number.

1   involved in the previously litigated construction defects matter and incurred the costs of their

2   defense in the case.  Defendants issued commercial general liability insurance to various

3   subcontractors implicated by the claims in the construction defects matter.

4        The dispute now before the court concerns "additional dispute endorsements"[2] entered into

5   by Defendants that added the developer and the general contractor as additional insureds to the

6   subcontractors' insurance policies held by Defendants.  The endorsements allegedly state that the

7   coverage provided to the additional insureds is "excess" if there is other valid and collectible

8   insurance available to the additional insureds.  Defendants maintain they accepted the developer

9   and general contractor's "tender of defense"[3] under these endorsements on an "excess basis."  Thus,

10  it appears Defendants agreed to provide costs associated with defending the developer and general

11  contractor only to the extent that such costs were in excess of amounts covered by other insurance

12  companies.

13       In determining their liability in the construction defects dispute, Defendants allegedly

14  concluded, "[W]hile obligations were owed to additional insureds [, the developer and the general

15  contractor,] to defend and indemnify, the obligations were excused due to other insurance clauses

16  [that] made the policies [Defendants] issued excess to other available coverage."  (Compl. (#1), ¶

17  10.)  Accordingly, Defendants declined to "provide a defense" to the developer and the general

18  contractor in the construction defects matter and refused to contribute to the defense fees and costs.

19  (*Id.*)  As a result, Plaintiffs incurred all of the defense fees and costs on behalf of the developer and

20  general contractor.

21       Plaintiffs now seek a "judicial determination of . . . the parties['] . . . rights, duties and

22  obligations with regard to this dispute."  (*Id.*, ¶ 21.)  Plaintiffs also seek "contribution" and

23  _____

24       [2] An "additional insured endorsement" is a contract by which an additional insured (a person or entity other than the named insured) is protected by a particular insurance policy.

25       [3] A "tender of defense" is an act by which one party transfers the obligation of providing a defense and

26  any possible indemnification to the party to whom the tender was made.

2

1   "reimbursement" from Defendants in the sum of Defendants' equitable share of the defense fees

2   and costs Plaintiffs incurred in defending the construction defects matter.

3        On August 11, 2008, Defendants filed a notice of removal of their case from the Eighth

4   Judicial District Court of the State of Nevada (#1), claiming removal is appropriate on the basis of

5   diversity jurisdiction.  Plaintiffs now move this court to remand the case.

6   **II.    Discussion**

7        "[A]ny civil action brought in a State court of which the district courts of the United States

8   have original jurisdiction, may be removed by the defendant . . . to the district court of the United

9   States for any district . . . where such action is pending."  28 U.S.C. § 1441(a).  Among other

10  reasons, the district courts of the United States have "original jurisdiction" where there is diversity

11  of citizenship between the parties and the amount in controversy, exclusive of interest and costs,

12  exceeds $75,000.  28 U.S.C. § 1332(a).

13       "If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be

14  remanded."  28 U.S.C. § 1447(c).  "Federal jurisdiction must be rejected if there is any doubt as to

15  the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

16  (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  Moreover, the

17  removal statute is construed restrictively and in favor of remanding a case to state court.  *See*

18  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

19       After a defendant files a petition for removal, the court must determine whether federal

20  jurisdiction exists, even if no objection is made to removal.  *See Rains v. Criterion Systems, Inc.*,

21  80 F.3d 339, 342 (9th Cir. 1996).  The defendant always has the burden of establishing that

22  removal is proper.  *Gaus*, 980 F.2d at 566.  Normally this burden is satisfied if the plaintiff claims a

23  sum greater than the jurisdictional requirement.  *Id.*

24       However, if the plaintiff does not claim a sum greater than the jurisdiction requirement, the

25  defendant cannot meet its burden by merely alleging that the amount in controversy is met:

26

3

1
2
3
4
5

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.

6  *Id.* (*quoting McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) (emphasis

7  omitted).  This preponderance-of-the-evidence analysis encompasses whether it is "'facially

8  apparent' from the complaint that the jurisdictional amount is in controversy." *See Singer v. State*

9  *Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (delineating the "appropriate procedure for

10  determining the amount in controversy on removal" as described in *Allen v. R & H Oil & Gas Co.*,

11  63 F.3d 1326 (5th Cir. 1995)).  "When the amount is not facially apparent from the complaint, the

12  court may consider facts in the removal petition and may require parties to submit summary-

13  judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske v.*

14  *U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotation marks omitted).

15       After review of the complaint and Defendants' petition for removal, the court finds that it

16  requires more evidence to determine whether it has subject matter jurisdiction over this case.[4]  In

17  arguing that the amount in controversy requirement has been satisfied, Defendants note "the

18  number of homes at issue in the [u]nderlying [a]ctions, the number of liability policies at issue (5 or

19  6) and costs typically incurred by developers and/or general contractors in multi-party construction

20  defect litigation involving residential developments . . . ." (Defs. Notice of Removal (#1) at 3.)

21  However, Defendants have failed to provide any factual evidence supporting their belief that the

22

23
24
25
26

[4] The court recognizes that in their motion to remand Plaintiffs do not appear to challenge the diversity of citizenship requirements.  Instead, Plaintiffs urge the court to decline to exercise jurisdiction over this matter pursuant to the discretion afforded by the Declaratory Judgment Act.  However, to hear a claim under the Act, there must be an independent basis for the court's jurisdiction. *Am. Cas. Co. v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999).  Accordingly, the court must first determine whether the court possesses jurisdiction before considering whether it should exercise its discretion and dismiss the action under the Act.  Once Defendants establish jurisdiction, the court will consider whether entertaining the action is appropriate.

1  amount in controversy exceeds $75,000.  The court has before it virtually no information or

2  evidence relating to the issues involved in the underlying state court action, the disputed insurance

3  policies, or the costs of the defense over which this dispute centers.[5]  Without such information, the

4  court cannot determine whether the amount in controversy exceeds $75,000.

5       Jurisdiction will exist if Defendants can present "summary-judgment-type evidence" to

6  establish by a preponderance of the evidence that this case meets § 1332(a)'s amount in controversy

7  requirement.  Consequently, Defendants have twenty (20) days to present evidence to establish by a

8  preponderance of the evidence that the matter in controversy exceeds $75,000.  Plaintiffs are

9  granted ten (10) days to file an opposition.  No reply is required.

10       IT IS THEREFORE ORDERED that Defendants are granted twenty (20) days to establish

11  the minimum amount in controversy for federal jurisdiction.  Plaintiffs are granted ten (10) days to

12  file an opposition.  No reply is required.

13       IT IS SO ORDERED.

14       DATED this 20th day of May, 2009.

15

16  _____

17  LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24  [5] Plaintiffs have attached to their motion to remand briefs in a state court proceeding involving some
   of the plaintiffs and defendants now before the court. While it appears from these briefs that the dispute in state

25  court also involved an underlying construction defects lawsuit and similar insurance contract interpretation
   issues, it is not clear how the issues before the state court in that case relate to the case now pending before this

26  court.