UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARYLAND CASUALTY COMPANY and
ASSURANCE COMPANY OF AMERICA,

        Plaintiffs,

v.

TRANSPORTATION INSURANCE
COMPANY, VALLEY FORGE
INSURANCE COMPANY, CONTINENTAL
INSURANCE COMPANY,
TRANSCONTINENTAL INSURANCE
COMPANY, and DOES 1-20, INCLUSIVE,

        Defendants.

2:08-cv-01040-LRH-LRL

ORDER

Presently before the court is Defendants Transportation Insurance Company, Valley Forge Insurance Company, Continental Insurance Company and Transcontinental Insurance Company's (collectively "Defendants") "Memorandum to Establish that the Instant Matter Meets the Amount in Controversy Required by 28 U.S.C. § 1332(a)" (#23[1]).[2]  Plaintiffs Maryland Casualty Company ("Maryland") and Assurance Company of America ("Assurance") (collectively "Plaintiffs") have filed an opposition (#24) to which Defendants have requested the opportunity to reply (#26).  In the

---

[1] Refers to the court's docket entry number.

[2] The parties are completely diverse, meaning only the amount in controversy is at issue here.

court's prior order, the court granted Defendants 20 days to show that amount in controversy is met. However, the court did not require Defendants to reply to any opposition filed by Plaintiffs. (Order (#22) at 5.) Defendants now seek the court's leave to reply (#26) and Plaintiffs have filed an opposition (#27).[3]

Also before the court is Plaintiffs' Motion to Remand (#10) and Plaintiffs' Memorandum in Support of Motion to Remand to State Court (#11). Defendants have filed an opposition (#13) to which Plaintiffs replied (#15).

## I.     Facts and Procedural History

This is an insurance dispute arising out of a construction defects matter previously litigated in the State of Nevada District Court. Plaintiffs and Defendants are issuers of insurance policies. Plaintiffs issued commercial general liability insurance to the developer and the general contractor involved in the previously litigated construction defects matter and incurred the costs of their defense in the case. Defendants issued commercial general liability insurance to various subcontractors implicated by the claims in the construction defects matter.

The dispute now before the court concerns "additional dispute endorsements"[4] entered into by Defendants that added the developer and the general contractor as additional insureds to the subcontractors' insurance policies held by Defendants. The endorsements allegedly state that the coverage provided to the additional insureds is "excess" if there is other valid and collectible insurance available to the additional insureds. Defendants maintain they accepted the developer and general contractor's "tender of defense"[5] under these endorsements on an "excess basis."

---

[3] The court will consider Defendants' motion (#26) and Plaintiffs' opposition (#27).

[4] An "additional insured endorsement" is a contract by which an additional insured (a person or entity other than the named insured) is protected by a particular insurance policy.

[5] A "tender of defense" is an act by which one party transfers the obligation of providing a defense and any possible indemnification to the party to whom the tender was made.

2

1   Thus, it appears Defendants agreed to recognize coverage for liability of the developer and general
2   contractor only to the extent that such coverage was in excess of amounts covered by other
3   insurance companies.
4         In determining their liability in the construction defects dispute, Defendants allegedly
5   concluded, "[W]hile obligations were owed to additional insureds [, the developer and the general
6   contractor,] to defend and indemnify, the obligations were excused due to other insurance clauses
7   [that] made the policies [Defendants] issued excess to other available coverage." (Compl. (#1),
8   ¶ 10.) Accordingly, Defendants declined to "provide a defense" to the developer and the general
9   contractor in the construction defects matter and refused to contribute to the defense fees and costs.
10  (*Id.*) As a result, Plaintiffs incurred all of the defense fees and costs on behalf of the developer and
11  general contractor.
12        Plaintiffs now seek a "judicial determination of . . . the parties['] . . . rights, duties and
13  obligations with regard to this dispute." (*Id.*, ¶ 21.) Plaintiffs also seek "a declaration and
14  determination that [Defendants] cannot avoid [their] obligation to defend by asserting another
15  insurance clause." (*Id* at 6.) Plaintiffs further seek "contribution" and "reimbursement" from
16  Defendants in the sum of Defendants' equitable share of the defense fees and costs Plaintiffs
17  incurred in defending the construction defects matter.
18        On August 11, 2008, Defendants filed a notice of removal of their case from the Eighth
19  Judicial District Court of the State of Nevada (#1), claiming removal is appropriate on the basis of
20  diversity jurisdiction. On May 20, 2009, the court issued an order granting Defendants 20 days to
21  establish that the parties meet the amount in controversy requirement (#22). In response, the
22  parties filed the briefs now before the court.
23  **II.    Legal Standard**
24        "[A]ny civil action brought in a State court of which the district courts of the United States
25  have original jurisdiction, may be removed by the defendant or the defendants, to the district court
26

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction of civil actions when the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Section 1332(a) also provides the statutory basis for federal courts' subject-matter jurisdiction over suits between citizens of different states. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, the removal statute is construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

After a party files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection is made to removal. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). "[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This preponderance-of-the-evidence analysis encompasses whether it is "'facially apparent' from the complaint that the jurisdictional amount is in controversy." *See Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (delineating the "appropriate procedure for determining the amount in controversy on removal" as described in *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). "When the amount is not facially apparent from the complaint, the court may consider facts in the removal petition and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir.

2006) (internal quotation marks omitted). Thus, "under this burden, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the required] amount." *Sanchez*, 102 F.3d at 404 (internal quotation marks and citations omitted). In determining the amount in controversy, the court must consider the amount of actual and punitive damages. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943).

**III.   Discussion**

   **A. Amount in Controversy**

It is not facially evident from Plaintiff's complaint that the amount in controversy is over $75,000. Plaintiffs seek monetary damages, attorney's fees, interest, and "a declaration and determination that [Defendants] cannot avoid [their] obligation to defend by asserting another insurance clause." (Compl. (#1), at 6.) However, they do not specify a dollar amount that they seek. Accordingly, the court will consider the facts Defendants provide supporting the argument that the amount in controversy requirement is met.

Defendants contend that Plaintiffs are suing Defendants jointly, and as such the court should aggregate their claims and consider the total sum for the amount in controversy, not the individual share that each Defendant owes. (Def.'s Reply (#26), Ex. A. at 9.) "The tests for aggregating claims of one plaintiff against multiple defendants and of multiple plaintiffs against one defendant are essentially the same . . . : the plaintiff's claims against the defendants must be common and undivided so that the defendants' liability is joint and not several." *Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 510 (9th Cir. 1978). In their complaint, Plaintiffs neither allocate amounts that each Defendant is liable for nor allege that they are suing Defendants individually. In fact, Plaintiffs treat Defendants as a collective unit in the complaint, and do not distinguish between any individual Defendants.

In sum, in the papers before the court, there is no indication that Plaintiffs are suing Defendants severally. Accordingly, the court finds Defendants have shown by the required

preponderance of the evidence standard that Plaintiffs claims against Defendants are common and undivided. Because Plaintiffs are suing Defendants jointly, the court may aggregate all of Plaintiffs' claims against all Defendants.

To demonstrate the amount in controversy is met, Defendants rely on Plaintiffs' computation of damages provided in their initial disclosure. On February 4, 2009, pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs submitted their initial disclosure to Defendants, which included a list of documents and witnesses, as well as a computation of each category of damages claimed by Plaintiffs as required by Rule 26(a)(1)(A)(iii). The computation of damages was as follows: "The total amount of defense fees and costs is $853,291.31 . . . To date, [P]laintiff has collected approximately $530,000 from other additional insurers. Consequently, [P]laintiff is seeking some portion of unpaid fees and costs totaling approximately $323,291.31."[6] (Def.'s Mem. Establishing Amount in Controversy (#23), Ex. 1 at 4.) Plaintiffs have alleged that they are entitled to 68 percent of the remaining money. As such, the current amount in controversy is $219,838.09, which exceeds the required $75,000 minimum.[7]

**B. Plaintiffs' Motion to Remand**

Although the court has jurisdiction, Plaintiffs nonetheless ask the court to abstain from exercising jurisdiction and remand the matter to state court on the grounds that (1) there is a parallel state proceeding, and (2) Plaintiffs seek declaratory relief.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule."

---

[6] In their opposition, Plaintiffs counter that they have now recovered $580,000 in settlements. However, jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Thus, the complete diversity between the parties and the amount in controversy must exceed $75,000 *at the time of the removal*. Regardless, the difference in money is not dispositive.

[7] It is not clear whether this amount contemplates Plaintiffs' shares of the costs. Nevertheless, Plaintiffs appear to be seeking from Defendants the full $219,838.09.

6

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Furthermore, even though courts have generally held that "[a]bstention can exist only where there is a parallel proceeding in state court," *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen, & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997), "because of the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them, generally, as between state and federal courts, the rule is that the pendency of an action in the state is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367 (9th Cir. 1990) (*quoting Colorado River*, 424 U.S. at 817).

### 1. Parallel State Proceeding

Plaintiffs primarily argue that "at the time the case was filed, there was a pending state court action - namely this case." (Pls.' Reply (#15) at 2.) Generally, if there is a parallel state proceeding, a court may decline jurisdiction, but only under exceptional circumstances. *Colorado River*, 424 U.S. at 814. However, under Plaintiffs' logic, any removed case could be remanded to state court on the grounds that the case was originally filed in state court and thus the original filing constitutes a "parallel state proceeding." This cannot be the state of the law, and Plaintiffs fail to cite any legal authority indicating that it is.[8]

---

[8] In their opposition to Defendants' motion establishing the amount in controversy, Plaintiffs reference another case concerning a similar matter in state court. (Reeves Decl. in Opposition to Def.'s Memo to Establish Amount in Controversy (#25) at 2.) However, Plaintiffs do not argue or explain how this is a parallel state proceeding.

Additionally, in support of their argument, Plaintiffs also attach a motion for summary judgment apparently filed in state court. (Reeves Decl. in Support of Mot. to Remand (#16) Ex. B.) However, it is unclear how this motion for summary judgment relates to the present case because several of the parties are different, and the development sites in controversy are also different. As such, the court does not consider the state court matter concerning summary judgment to be a sufficient parallel state proceeding.

Moreover, Even if Plaintiffs could successfully show that there was a parallel state proceeding at the time their complaint was filed, the authority they rely on to state that "courts must evaluate the circumstances at the time the suit is filed, and not based upon subsequent developments" has been overruled (Pl.'s Reply (#15) at 2.) Plaintiffs rely on *Employers Insurance Corporation v. Karussos*, 65 F.3d 796, 800 (9th Cir. 1995). However, the Ninth Circuit has stated that this case is not controlling and the current time-of-filing rule for

**2.     Declaratory Relief**

Plaintiffs argue that since federal courts generally have discretion to abstain from actions in which declaratory relief is sought, this court should grant Plaintiffs' motion to remand because they seek declaratory relief. (Pl.'s Reply in Support of Mot. to Remand (#15) at 3.) While courts have generally held that "[a]bstention can exist only where there is a parallel proceeding in state court," *Sec. Farms*, 124 F.3d at 1009, the Ninth Circuit has recognized that "nothing in the Declaratory Judgment Act requires a parallel state proceeding in order for the district to exercise its discretion to decline to entertain the action." *Golden Eagle Ins. Co. v. Travelers Companies*, 103 F.3d 750, 754 (9th Cir. 1995) (*overruled on other grounds by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1227 (9th Cir. 1998)).

Plaintiffs seek declaratory relief, contribution, indemnity, and relief for breach of contract from Defendants. "When other claims are joined with an action for declaratory relief (e.g. breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Dizol*, 133 F.3d at 1225. However, where the plaintiff's "request for monetary relief is wholly dependent upon a favorable decision on its claim for declaratory relief, the action is plainly one for declaratory relief," and a court has discretion to abstain. *Golden Eagle*, 103 F.3d at 755.

The Ninth Circuit has recognized that claims for indemnity and contribution are wholly dependent on claims for declaratory relief. *Id.* Here, Plaintiffs request contribution and indemnity. As such, the court finds that those claims depend on Plaintiffs' claim for declaratory relief and based on the claims for contribution, indemnity, and declaratory judgment alone, the court would

---

determining discretionary jurisdiction is that "the court [is] entitled to evaluate the motion to decline jurisdiction under the circumstances at the time the issue was raised rather than at time of filing [of the complaint]."). *United National Insurance Company v. R & D Latex Corporation*, 242 F.3d 1102, 1111 (9th Cir. 2001).

Finally, where, as here, declaratory relief is sought, the court has discretion in deciding whether to abstain even if there is a parallel state proceeding. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

have discretion to abstain from exercising jurisdiction over this case.

However, this does not end the court's inquiry. As noted, Plaintiffs also assert a claim for breach of contract. It is less clear whether Plaintiffs' claim for breach of contract depends on Plaintiffs' claim for declaratory relief. Generally, "[b]ecause claims of . . . breach of contract . . . provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline [this] cause of action. Indeed, the district court has a 'virtually unflagging' obligation to exercise jurisdiction over these claims." *Dizol*, 133 F.3d at 1226 n.6 (*citing First State Ins. Co. v. Callan Associates, Inc.*, 113 F.3d 161, 163 (9th Cir. 1997)). Still, "these decisions are for the district court, which is in the best position to assess how judicial economy, comity, and federalism are affected in a given case." *Id.* at 1226.

Plaintiffs' breach of contract claim essentially seeks reimbursement from Defendants.[9] The Ninth Circuit has held that it can "see no reason . . . why a reimbursement claim *must* be joined with a claim for declaratory relief" and has found instead that "reimbursement claims are . . . based on the equitable doctrine of restitution." *Id.* at 1113-14. Furthermore, the Ninth circuit found that "[s]atisfaction of equitable rights for monetary relief has not historically been predicated on favorable disposition of a claim for declaratory judgment." *Id.* at 1114. Thus, in cases in which the Ninth Circuit confronts claims for both declaratory judgment and reimbursement, it has recognized that the reimbursement claim is not part of the claim for declaratory relief and the district court lacks discretion to abstain. *See id.*

Accordingly, here, the court finds Plaintiffs' breach of contract claim is independent from the declaratory relief sought. As such, the court must comply with its "'virtually unflagging' obligation to exercise jurisdiction" over the breach of contract claim. "If a federal court is required

---

[9]Despite Plaintiffs' characterization of the breach of contract claim as one seeking "contribution," "Plaintiff is seeking some portion of unpaid fees and costs totaling approximately $323,291.31." (Def.'s Memo Establishing Amt. in Con. (#23) Ex. 1 at 4.) Such language indicates that Plaintiff is seeking reimbursement from Defendants.

9

to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." *Dizol*, 133 F.3d at 1226 n.6 (citations omitted).  Accordingly, the court will exercise jurisdiction over each of Plaintiffs' claims, and Plaintiffs' motion to remand this case to state court is denied.[10]

IT IS THEREFORE ORDERED that Defendants' "Memorandum to Establish that the Instant Matter Meets the Amount in Controversy" (#23) is GRANTED.

IT IS FURTHER ORDERED that Defendants' "Emergency Motion to File Reply to Plaintiffs' Response" (#26) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand (#10) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[10] Even if the court applied the abstention analysis, the court would still deny Plaintiffs' motion to remand. "The district court should avoid needless determination of state law issues[,] it should discourage litigants from filing declaratory actions as a means of forum shopping[,] and it should avoid duplicative litigation." *Krieger*, 181 F.3d at 1118. Here, there will be no needless determination of state law issues, and as neither party was forum shopping, the second factor is not dispositive here. *See Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002) (finding that neither party was trying to forum shop where one party "merely preferred state resolution while [the other party] preferred federal resolution."). Furthermore, the avoidance of duplicative litigation is not at issue here because there is not a parallel state action.

10